IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER PIRRONE,**<br>           **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **NCO FINANCIAL SYSTEMS, INC.,**<br>           **Defendant.** | **NO. 15-4000** |

# O R D E R

**AND NOW**, this 30th day of November, 2015, upon consideration of Defendant NCO Financial Systems, Inc.'s Motion for Judgment on the Pleadings [ECF No. 13], and the Plaintiff's response thereto [ECF No. 14], it is hereby **ORDERED** that the motion is **DENIED**.[1]

BY THE COURT:

/S/WENDY BEETLESTONE, J.

_____

WENDY BEETLESTONE, J.

---

[1] The Amended Complaint alleges that Defendant violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), by sending debt collection letters in envelopes that display through a glassine window a "quick response" ("QR") code that, when read or scanned, reveals the account number of the alleged debt that the Defendant assigns to the consumer and his/her account. Am. Compl. ¶¶ 6-9. Plaintiff's claims are based on Section 1692f(8) of the FDCPA, which prohibits using "unfair or unconscionable means to collect or attempt to collect any debt" and, as an example of "unfair or unconscionable means," specifically prohibits using "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails. . . ." Although Defendant concedes that the plain language of the statute prohibits a debt collector from including a QR Code on an envelope sent to consumers, Defendant contends that Plaintiff's claim fails as a matter of law because "applying a literal reading of § 1692f(8) would lead to an absurd result," and further urges the Court to adopt a "benign symbol" exception to the rule. Mot. at 3-4.

   In *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 301 (3d Cir. 2014), the Third Circuit held that the disclosure of a consumer's account number on the face of a debt collector's envelope through a glassine window violates the FDCPA. Thus, the sole question is whether the fact that the Plaintiff's account number was represented as a QR Code rather than as numbers somehow warrants a departure from *Douglass*.

---

In holding that the disclosure of a consumer's account number on a debt collector's envelope constitutes a violation of the FDCPA, the Third Circuit considered that a "core concern" of the FDCPA is to protect against "the invasion of privacy" and noted that an account number "raises these privacy concerns" because: (1) it is a "core piece of information pertaining to [the plaintiff's] status as a debtor and [the debt collector's] debt collection effort; and (2) if disclosed to the public, "it *could* be used to expose [the plaintiff's] financial predicament." *Id.* at 303 (emphasis added). The Third Circuit further reasoned that an account number is not a "meaningless string of numbers and letters" because an account number is a "piece of information *capable* of identifying Douglass as a debtor [a]nd its disclosure *has the potential* to cause harm to a consumer that the FDCPA was enacted to address." *Id.* at 304 (emphasis added). The Third Circuit further stated that this conclusion corresponds with the remedial purposes of the FDCPA, which "must be broadly construed in order to give full effect to [Congress' remedial] purposes." *Id.* (quoting *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 148 (3rd Cir. 2013). In a footnote, the Third Circuit noted that although the complaint alleged that the envelope in question also contained a QR Code with the plaintiff's identifying information, the plaintiff "no longer presses her argument that [defendant] violated the FDCPA by including the QR Code on the envelope" and therefore it would "not decide that issue." *Id.* at 301 n.4.

In support of its motion, Defendant argues that the Amended Complaint is distinguishable from *Douglass* for three reasons: (1) unlike an account number, a QR Code is a benign symbol that should be exempted from the FDCPA; (2) Plaintiff's interpretation would not further the purpose of the FDCPA; and, (3) the embedded information would require malfeasance to access. Mot. at 3-9. None of these arguments is persuasive.

In *Douglass*, the Third Circuit declined to comment on whether it would adopt a "benign symbol" exception to the FDCPA and specifically held that a consumer's account information is not benign. 765 F.3d at 303. Although Plaintiff alleges in this case that her account number was embedded in a QR Code, disclosure of such a QR Code implicates the same "core concern animating the FDCPA—the invasion of privacy" highlighted by the Third Circuit in *Douglass. Id.* And even if it would require malfeasance to access the account information, the Third Circuit's analysis focused on the debt collector's public disclosure of the plaintiff's account number, not the likelihood that a third party would discover it or the legality of such discovery. Here, Plaintiff alleges that the QR code was accessible to anyone who would scan it. Any third party with a smartphone could download an application that is able to read the code. Indeed, counsel for defendant conceded that he was able to find such an application on his smartphone, albeit through trial and error. Opp'n at 9 n.2. It follows, then, that even if the Court were to adopt a "benign symbol" exception, a QR Code is not benign because it contains "a core piece of information pertaining to [the plaintiff's] status as a debtor" and if disclosed to the public, "*could be used* to expose [the plaintiff's] financial predicament." *Id.*; *see also Park v. ARS Nat'l Servs., Inc.*, No. 15-2867, 2015 WL 6579686 (D.N.J. Oct. 30, 2015); *Kostik v. ARS Nat'l Servs., Inc.*, No. 14-2466, 2015 WL 4478765 (M.D. Pa. July 22, 2015); *Styer v. Prof'l Med. Mgmt., Inc.*, -- F. Supp. 3d --, No. 14-2304 (M.D. Pa. July 15, 2015). Thus, construing the facts alleged in the light most favorable to Plaintiff, the Court sees no principled basis to depart from the Third Circuit's decision in *Douglass*. Because the Amended Complaint alleges sufficient facts to state a claim for relief that is plausible on its face, Defendant's motion is denied.