UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER PIRRONE,

        Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.

Case No. 2:15-cv-04000-WB

## MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Defendant, NCO Financial Systems, Inc. ("NCO"), submits this memorandum in support of its Motion to Certify Order for Interlocutory Appeal. The Court should grant NCO's motion and certify its November 30, 2015 order denying NCO's Motion for Judgment on the Pleadings.

## I. INTRODUCTION

This suit arises from a letter NCO sent to plaintiff, Jennifer Pirrone. The letter contains a bar code. The bar code was visible through the envelope that, when scanned by a specific type of bar code reader, reveals a string of numbers and letters. Plaintiff claims the bar code, when scanned, reveals plaintiff's personally identifying information in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. NCO filed a Motion for Judgment on the Pleadings, arguing the bar code does not violate the FDCPA. This Court denied NCO's motion. NCO respectfully disagrees with the Court's decision and avers that an interlocutory appeal is warranted for ***3*** reasons.

***First***, this Court's order involves an important and controlling question of law that

1

will have a substantial impact on this and several other cases pending within the Third Circuit.

**_Second_**, the question presented creates substantial ground for difference of opinion. Indeed, Judges Diamond and Slomsky from this Court have reached the opposition conclusion on the exact same issue. *See Waldron v. Prof'l Med. Mgmt.*, 2013 WL 978933, (E.D. Pa. 2013), appeal dismissed (2013); *see also Douglass v. Convergent Outsourcing*, 963 F.Supp.2d 440, 448 (E.D. Pa. 2013), vacated on other grounds, 765 F.3d 299 (3d Cir. 2014)

**_Third_**, immediate appeal from this order will materially advance the termination of this litigation because the Third Circuit's decision will either dismiss the case or greatly narrow the legal issues. Additionally, this matter is in its infancy as discovery has not opened. Lastly, this is a significant issue of law within the Circuit and the subject of numerous lawsuits. At least one other court has a pending Motion to Certify Interlocutory Appeal on the exact same issue. Accordingly, resolution by the Third Circuit will not only materially advance the termination of this litigation, but many others like it.

## II. BACKGROUND

On July 20, 2015, plaintiff filed the instant lawsuit alleging a letter NCO sent to her violates the FDCPA because "through the glassine window of the envelope placed into the mails was a bar code which when read or scanned, reveals the account number that [NCO] assigned to plaintiff and her account." Docket No. 1, ¶ 15. The NCO account number is **_not_** visible on or through the envelope, but only when scanned.

On August 21, 2015, plaintiff filed an Amended Complaint asserting the same substantive claims and purporting to bring them on behalf of a class. Docket No. 7.

On October 20, 2015, NCO filed a Motion for Judgment on the Pleadings. Docket No. 13.

On November 30, 2015, the Court issued an order denying NCO's motion. Docket No. 20.

NCO now respectfully requests that this Court certify its order for interlocutory appeal.

### III. LAW AND ARGUMENT

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292. A district court has the power to certify an order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). *Simon v. United States*, 341 F.3d 193, 199 (3d Cir.2003). The determination of whether § 1292(b) certification is appropriate lies within the discretion of the district court. *Id.* Section 1292(b) permits a district court to certify an order that is otherwise not eligible for interlocutory appeal if the district court discerns "(1) the order involves a controlling issue of law; (2) a substantial ground for difference of opinion exists regarding the resolution of the issue; and (3) an immediate appeal will materially advance the ultimate termination of the litigation." *In re Mushroom Direct Purchaser*

3

*Antitrust Litig.*, 54 F.Supp.3d 382, 394 (E.D. Pa. 2014) (*citing Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754-55 (3d Cir. 1974)).

## A. The Order Involves A Controlling Question Of Law

A controlling question of law "is one in which either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" *Hall v. Wyeth, Inc.*, 2010 WL 4925258, *1 (E.D. Pa. 2010) (*quoting Katz*, 496 F.2d at 755). "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b)] to be a highly relevant factor." *Katz*, 496 F.2d at 755. A controlling question of law is one that "has the potential of substantially accelerating disposition of the litigation"). 19 James W. Moore, et al., Moore's Federal Practice ¶ 203.31[3] (3d ed. 2003).

The order here meets the first element. If this Court's order is reversed, plaintiff's claim would be dismissed, and "both the Court and the parties would be spared the cost and time of both engaging in pretrial practice and possibly a lengthy jury trial." *Hall*, 2010 WL 4925258 at *1. Conversely, if the order is affirmed one of the controlling legal issues will be resolved. Thus, practically, certifying this order for appeal would save an enormous amount of resources for the parties, attorneys, and this Court. *See Katz*, 496 F.2d at 755. "As such, [NCO has] satisfied the first element." *Hall*, 2010 WL 4925258 at *1.

## B. A Substantial Ground For Difference Of Opinion Exists

"There is a substantial ground for difference of opinion about an issue when the

matter involves one or more difficult and pivotal questions of law not settled by controlling authority." *Hall*, 2010 WL 4925258 at *2. Indeed, "[s]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." *Bradburn Parent Teacher Store, Inc. v. 3M*, 2005 WL 1819969, *4 (E.D. Pa. 2005). "Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion." *Id.*

This element is also met as there are conflicting opinions on the issue at hand within this Court. This Court has previously found that a collection letter displaying a bar code embedded with a consumer's account number did not violate the FDCPA. *See Waldron,* 2013 WL 978933; *see also Douglass*, 963 F.Supp.2d at 448 (defendant's bar code "does not clearly refer to a debt, or tend to humiliate, threaten, or manipulate Plaintiff") (internal quotations omitted). In *Waldron*, Judge Diamond rejected plaintiff's contention and refused to equate "the QR Code Symbol, the Code's embedded data, and the English language meaning of that embedded information." *Waldron,* 2013 WL 978933, at *3. Judge Diamond specifically held "the QR Code Symbol itself conveys nothing" and "making the Symbol visible through the envelope's transparent pane is not the same as making visible the embedded letters and numbers." *Id*. Unlike *Waldron* or the bar code at issue in this case, the Third Circuit's *Douglass* case concerned "***language*** visible through a transparent window of an envelope." *Douglass v. Convergent Outsourcing,* 765 F.3d 299 (3d Cir. 2014) (emphasis added). Accordingly, there is substantial room for disagreement.

5

Furthermore, nearly every court to consider the *Douglass* decision outside of the Third Circuit has disagreed with its reasoning and sought to limit the decision. *See Gonzalez v. FMS, Inc.*, 2015 WL 4100292, *5 (N.D. Ill. 2015); *Gelinas v. Retrieval-Masters Creditors Bureau, Inc.*, 2015 WL 4639949, *4 (W.D. N.Y. 2015); *Perez v. Glob. Credit & Collection, Corp.,* 2015 WL 4557064, at *4 (S.D. N.Y. 2015); *Sampson v. MRS BPO, LLC*, 2015 WL 4613067 (N.D. Ill. 2015); *Davis v. MRS BPO, LLC*, 2015 WL 4326900 (N.D. Ill. 2015). It is clear that reasonable minds differ on this issue. The Third Circuit should be given the opportunity to address the issue.

Thus, due to the substantial conflicting precedent and the lack of controlling authority, the second element for certification has been met.

### C. Immediate Appeal Will Materially Advance The Litigation

When determining whether appeal would materially advance the litigation toward termination, the Court should consider "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Hall*, 2010 WL 4925258 at *2. "Where discovery is complete and the case is ready for trial[,]" for example, this element will not be met. *Bradburn*, 2005 WL 1819969 at *4.

Appellate review of the order would lead to quick and efficient termination of this litigation without wasting judicial resources. This matter currently does not have a scheduling order and discovery has not opened. The Preliminary Pretrial Conference is scheduled for December 30, 2015.

An appellate decision would greatly advance this action toward termination and save judicial resources. First, if the Third Circuit reverses, the action would be terminated, which certainly meets the standard. *See Hall*, 2010 WL 4925258 at *2. Second, if the Third Circuit upholds the order, the legal issues will be greatly narrowed and the parties will be in a better position to evaluate settlement. Thus, the third element for certification is satisfied. *See Hall*, 2010 WL 4925258 at **2-3.

Additionally, in the Middle District of Pennsylvania there is a pending motion to certify for interlocutory appeal a ruling involving the exact same legal issue before this Court. *See Kostik v. ARS National Services, Inc.*, USDC M.D. Pa. Case No. 14-cv-2466, Docket No. 13. As of the date of this filing, the *Kostik* court has not considered ARS's motion.

## IV. CONCLUSION

This Court should certify its order for interlocutory appeal because the order involves a controlling question of law, a substantial ground for difference of opinion exists, and an immediate appeal would materially advance the ultimate termination of the litigation. NCO respectfully requests that this Court certify its order denying NCO's Motion for Judgment on the Pleadings for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: December 10, 2015          Respectfully submitted

                                       /s/ Aaron R. Easley
                                       Aaron R. Easley, Esq. (73683)

Sessions Fishman Nathan & Israel LLC
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Fax: (908) 237-1663
Email: *aeasley@sessions-law.biz*
Attorneys for Defendant,
NCO Financial Systems, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of December, 2015, a copy of the foregoing, along with the supporting memorandum, was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

David A. Searles
James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

Stephen Matthew Dunne, Esq.
Dunne Law Offices P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

/s/ Aaron R. Easley
Aaron R. Easley, Esq.